65940. DIXSON v. TRAVELERS INDEMNITY COMPANY.

McMurray, Presiding Judge.

This is an appeal by defendant Robert H. Dixson from the declaratory judgment in favor of plaintiff. The petition was filed in the name of The Travelers Indemnity Company (Indemnity). At trial

plaintiff's attorney identified the petitioner as "The Travelers Insurance Companies which includes Travelers Indemnity Company and The Phoenix Insurance Company [Phoenix] and all three of them will be bound by this decision." The trial court held that plaintiff was not required to retroactively provide defendant $50,000 in personal injury protection (PIP) coverage. See *Jones v. State Farm Mut. Auto. Ins. Co.,* 156 Ga. App. 230 (274 SE2d 623), as modified in *Flewellen v. Atlanta Cas. Co.,* 250 Ga. 709 (300 SE2d 673).

Defendant was insured by or through Indemnity from 1972 into 1980. In July 1980 defendant requested his insurance agent procure for him a policy with better premium rates. The agent accordingly arranged for the policy to be switched from Indemnity to Phoenix. Indemnity and Phoenix apparently are separate wholly owned subsidiaries of The Travelers Insurance Corporation.

This switch was accomplished by filling out and submitting a form with the headings "PRIVATE PASSENGER AUTOMO-BILE INSURANCE APPLICATION" and "SUPPLEMENTARY AUTOMOBILE APPLICATION - GEORGIA." Both of these forms appeared to be signed by defendant but the affidavit to which they are attached, that of the insurance agent, states that "[t]hey were not signed by [defendant] because they were not applications for insurance." There is uncontroverted evidence, however, that no such "application" was necessary for the switch from Indemnity to Phoenix as such could be accomplished by merely completing a "change request." It is uncontroverted that no proper rejection of optional PIP by defendant was made in connection with the switch.

The Phoenix policy became effective on July 3, 1980. On the top center of the policy form appear the words: "THE TRAVELERS INSURANCE COMPANIES." Underneath the description of the coverages, approximately two-thirds of the way down the page, appears a block stating: "ITEM 6. INSURER: THE PHOENIX INSURANCE COMPANY." The policy number is indicated as "00870029 101 3," which differs from the number of the preceding Indemnity policy only in that the last digit was changed from a "2" to a "3." (We pause to note that neither the Indemnity policy nor any of its endorsements are in the record. All information pertaining to that policy is drawn from a historical journal introduced by plaintiff.) The Phoenix policy was renewed on July 3, 1981, with the only change being the addition of the word "Continuation" on the top left corner of the form, as well as normal premium reductions.

In July 1981 defendant's automobile was struck by an automobile driven by an out-of-state motorist. Defendant was severely injured; in fact, he remained in a serious condition throughout the course of this litigation. He received $5,000 in PIP

benefits pursuant to the provisions of his insurance policy issued on July 3, 1981, which was a renewal of the policy issued on July 3, 1980. In September 1981 a demand letter was sent on defendant's behalf, seeking to accept the so-called *Jones* "continuing offer" (see *Jones v. State Farm Mut. Auto. Ins. Co.,* 156 Ga. App. 230, supra at p. 234 (1)) of $50,000 PIP coverage (a procedure since modified in *Flewellen v. Atlanta Cas. Co.,* 250 Ga. 709, supra at p. 712). Plaintiff contested defendant's right to the coverage and filed the petition for declaratory judgment leading to the review sub judice.

Plaintiff contends that the "insurer" was at all times The Travelers Insurance Corporation (a/k/a The Travelers Insurance Companies). The argument is that Travelers maintains its subsidiaries primarily for marketing purposes; in other words, that Phoenix (as well as Indemnity) is only a conduit while such functions as underwriting and claims are conducted by The Travelers Insurance Corporation. Predicated on this assumption that there has been no new policy issued or change of insurers since the initiation of coverage in 1972 plaintiff contends that defendant has rejected optional PIP by failing to respond to an offer by mail pursuant to former Code Ann. § 56-3404b (c) (Ga. L. 1974, pp. 113, 117; 1975, pp. 3, 4; 1975, pp. 1202, 1206) (now OCGA § 33-34-5, effective November 1, 1982) made prior to the switch.

Defendant contends that the switch from Indemnity to Phoenix was a change of insurers because these two companies were separate entities. Also, defendant argues because of the change of insurers the Phoenix policy issued July 3, 1980, was necessarily a new policy and not a renewal. Thus, the offers by mail of additional PIP coverage made before July 3, 1980, and relied upon by plaintiff, would fail to satisfy the requirements of former Code Ann. § 56-3404b (b, d), supra.

Our primary issue then is the identity of the insurer beginning July 3, 1980, and thereafter. If, as defendant contends, the insurer became Phoenix on this date, since there was no offer (and rejection by defendant) of optional PIP by this insurer, defendant must prevail. If, as plaintiff contends, the insurer at all times has been The Travelers Insurance Corporation and the mail out offer of optional PIP were properly conducted pursuant to former Code Ann. § 56-3404b (c), supra, then plaintiff must prevail.

"Insurer" is defined as "[o]ne who or that which insures . . . One who contracts to indemnify another by way of insurance; an insurance underwriter." Webster's New International Dictionary, 2d Ed. To determine what entity has contracted to indemnify defendant we look to the contract of insurance. The insurance policy begins: "This is your Travelers car insurance policy. It consists of this jacket,

describing the insurance coverages and how they apply, a declarations page and any endorsements which form a part of your policy. The declarations page shows a number of important items that apply specifically to you and the insurance you have bought. These items include: . . . the member of The Travelers Companies providing your coverage . . ." The declarations page identifies the insurer as The Phoenix Insurance Company.

On cross-examination plaintiff's witness, an underwriting manager with The Travelers Insurance Corporation, gave testimony that the declaration on the July 3, 1980 policy shows the insurer to be The Phoenix Insurance Company which is a separate company from The Travelers Indemnity Company. The witness stated that this policy commenced on July 3, 1980, and that the endorsement appeared to be an original rather than a renewal. The witness went on to testify that such an original endorsement could occur in the case of a renewal when there was a change of companies (e.g. from Indemnity to Phoenix).

The plaintiff has presented evidence that the parent entity, The Travelers Insurance Corporation, performs various services for its subsidiaries including handling underwriting for both Indemnity and Phoenix. Therefore, it is not surprising that in switching defendant's insurance from Travelers Indemnity to Phoenix a minimum of formality was required. We note that except for a change of sequence number defendant's policy number remained unchanged. Within the family of insurance corporations we find no reason to doubt that the change of conduits for defendant's business was viewed as the renewal of an existing policy and as part of a continuing course of business. However, none of this authorizes us to disregard the separate identity of the different entities within this family of corporations.

The policy in question here is a contract between defendant and Phoenix. Although there is reference contained in the policy to The Travelers Insurance Companies we find that this is not an entity but a trade name used for marketing purposes by The Travelers Insurance Corporation to refer, in the aggregate, to its various subsidiaries. The policy does not refer to The Travelers Insurance Corporation. The policy does not purport to afford any coverage by The Travelers Insurance Corporation or by its alter ego The Travelers Insurance Companies. The coverage is afforded by "one of your Travelers Companies," meaning one of the subsidiaries of The Travelers Insurance Corporation.

The policy issued July 3, 1980, afforded coverage by Phoenix. Even viewing this policy as a renewal it was not a renewal by the same company which had afforded coverage on the policy previously.

Thus, because optional PIP had not previously been offered to defendant by Phoenix there was no compliance with former Code Ann. § 56-3404b (b, d), supra. The previous offer of optional PIP was not made by Phoenix. The trial court erred in entering judgment for plaintiff.

*Judgment reversed. Shulman, C. J., concurs. Birdsong, J., concurs in the judgment only.*

DECIDED JUNE 28, 1983.

*Dock H. Davis,* for appellant.
*Bryan F. Dorsey, Oliver B. Dickins, Jr.,* for appellee.